GLD-078                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4328
_____

IN RE:  JOSEPH WATSON,
                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to D.C. Civ. No. 3-09-cv-00087)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 30, 2011

Before:  FUENTES, GREENAWAY, JR. and STAPLETON, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 12, 2012)
_____

OPINION
_____

PER CURIAM

On July 11, 2011, we affirmed in part and vacated in part the District Court's

judgment in Watson's 42 U.S.C. § 1983 suit.  Among other outcomes, we "vacate[d] and

remand[ed] on his access-to-the-courts claim, as he may be able to cure the defect in his

allegations if granted leave to amend."  Watson v. Sec'y Pa. Dep't of Corr., 436 F. App'x

131, 137 (3d Cir. 2011).  The District Court, in compliance with our mandate, granted

Watson leave to amend his complaint on that claim; at the time of writing, the District

Court docket reveals that Watson has until January 30, 2012, to file his amended complaint.  See Order, W.D. Pa. Civ. No. 3:09-cv-00087, ECF No. 71.

Watson filed this mandamus petition on December 1, 2011.  While it is difficult to parse, he appears to claim that either the defendants or the District Court Clerk refuses to allow him to file his amended complaint.  He attached to his petition a document entitled "Denied Access to the Courts Amended Complaint."

Interpreting Watson's mandamus petition as claiming that the defendants are interfering with his ability to successfully file his amended complaint, we instruct the Clerk of this Court to forward to the District Court a copy of the attachment to the mandamus petition.  We stress that we have not evaluated its contents and make no representation of its compliance with our appellate mandate or the District Court's August 4, 2011 order regarding the filing of an amended complaint.

To the extent that the above serves to grant Watson the relief  he requests, his petition for mandamus is denied as moot.  To the extent that he requests an alternative remedy, he has not shown that he has no other adequate means to obtain the desired relief and that his right to the writ is clear and indisputable; nor has he demonstrated that he is entitled to the "drastic remedy" of mandamus.  United States v. Higdon, 638 F.3d 233, 245 (3d Cir. 2011).  Accordingly, we will deny his petition, without prejudice to his pursuing future relief if filing problems persist.

The Clerk is request to forward Watson's Amended Complaint, which is attached to the "Amended Mandamus Petition" filed on December 22, 2011, to the Clerk of the United States District Court for the Western District of Pennsylvania.